# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINA L. WARREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-592-STE ) |
| ANDREW M. SAUL,<br>**Commissioner of the Social Security Administration**, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 14-26). Subsequently, the Appeals

Council denied Plaintiff's request for review,[1] making the ALJ's decision the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 31, 2012, her alleged onset date. (TR. 16). At step two, the ALJ determined that Ms. Warren had the following severe impairments: obesity; degenerative disc disease of the lumbar spine; diabetes mellitus with neuropathy; breast cancer post double mastectomy with no recurrence; asthma; irritable bowel syndrome; and depression. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At step four, the ALJ concluded that Ms. Warren retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes or scaffolds, and can occasionally climb ramps and stairs, sto[o]p, kneel, crouch, and crawl. The claimant would be limited to simple, repetitive, and routine tasks. She can have frequent contact with coworkers and supervisors, and occasional contact with the general public. She is limited to work environments that do not include exposure to more than a normal level of fumes, noxious odors, dusts, mists, gases, or poor ventilation. Normal is defined as the level generally found in a commercial building or office setting.

---

[1] (TR. 3-5).

(TR. 20). With this RFC, the ALJ concluded that Ms. Warren was unable to perform any past relevant work. (TR. 24). Accordingly, the ALJ proceeded to step five and presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 49-50). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 50). The ALJ adopted the VE's testimony and concluded that Ms. Warren was not disabled at step five based on her ability to perform the identified jobs. (TR. 26).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUE PRESENTED

On appeal, Ms. Warren alleges the ALJ erred in his treatment of two medical opinions. (ECF No. 14:5-9).

## V. ERROR IN THE ALJ'S EVALUATION OF MEDICAL OPINIONS

State Agency psychologists, Dr. Randy Cochran and Dr. James Sturgis, considered Plaintiff's applications for benefits initially and on reconsideration. (TR. 56-66, 70-76, 86-94, 97-98). After obtaining the two opinions, the ALJ was obligated to evaluate them in assessing Ms. Warren's RFC. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (evaluating medical opinions in assessing residual functional capacity); *see generally* 20 C.F.R. §§ 404.1520(a)(4) & (e), 416.920(a)(4) & (e) (describing the agency's obligation to assess a claimant's residual functional capacity based on all of the relevant evidence). In doing so, the ALJ acknowledged the opinions and accorded them "great weight." (TR. 22-23). Even so, Ms. Warren argues that the ALJ failed, without explanation, to incorporate the opinions when assessing her RFC. (ECF No. 14:3-7). The Court agrees.

In part, Drs. Cochran and Sturgis opined that Ms. Warren could relate to supervisors and peers on a superficial work basis. (TR. 66, 98). In the RFC, the ALJ found that Ms. Warren could have "frequent contact with coworkers and supervisors." (TR. 20). Although the RFC accounted for the frequency of contact, the RFC was silent as to the *type* of contact permitted. *See* TR. 20. Drs. Cochran and Sturgis opined that Plaintiff was limited to "superficial" contact with others, but the RFC did not account for that particular limitation. *Compare* TR. 66, 98 *with* TR. 20. If the ALJ had chosen to omit this particular

limitation, he needed to provide an explanation for doing so. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (stating that the agency may dismiss or discount medical opinions but "must provide specific, legitimate reasons" for doing so (internal quotation marks omitted). The ALJ failed to provide any explanation for omitting the limitation, which constituted legal error.

The Tenth Circuit Court of Appeals addressed similar circumstances in *Parker v. Commissioner, SSA*, 772 F. App'x 613 (10th Cir. 2019). In *Parker*, a State Agency physician opined that the plaintiff: (1) could not work closely with supervisors and co-workers and (2) could only accept supervision or relate to co-workers on an infrequent basis. *Parker*, 772 F. App'x at 615. Even so, the ALJ ultimately concluded that the plaintiff could "frequently interact with supervisors and co-workers." *Id.* at 615-616. The Tenth Circuit found a "discrepancy" to exist between the State Agency physician's opinion and the RFC and allowed that "the agency presumably could have disagreed with [the opinion]," but noted that the ALJ had not expressed any disagreement, but instead afforded the opinion "significant weight." *Id.* at 616. But, the Court stated, "[g]iven the discrepancy between the agency's assessment of mental capacity and the medical opinions, the agency had an obligation to provide an explanation." *Id.* at 617, citing SSR 96-8p, 1996 WL 374184, at *7 (1996) (stating that if the adjudicator's assessment of residual functional capacity "conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"). Because the ALJ failed to provide such an explanation, the Court reversed the district court on this basis. *Id.*, *citing*

*Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (holding that the administrative law judge erred in failing to explain why he had rejected some of the consulting doctor's restrictions as to the residual functional capacity "while appearing to adopt others").

*Parker* is persuasive in the instant case. Here, Drs. Cochran and Sturgis opined that Ms. Warren could relate to supervisors and peers on a superficial work basis. *See supra*. The ALJ accorded the opinions "great weight," yet the RFC is silent as to this particular limitation. The ALJ was entitled to disagree with the limitation, but to do so, he was required to provide an explanation. The absence of an explanation constitutes legal error and reversal is warranted.

In response to Plaintiff's argument, the Commissioner states: "[T]he ALJ gave good reasons for not adopting these limitations." (ECF No. 17:7). But the Commissioner neither lists the "good reasons" nor cites to the portion of the ALJ's opinion where the "good reasons" are provided. (ECF No. 17:7). Instead, Defendant cites the ALJ's findings that:

- other physicians have "noted favorable mental functional findings;"
- one physician had noted that Plaintiff would be a good foster parent;
- Ms. Warren interacted appropriately at the hearing; and
- Ms. Warren had stated that her depression was "not severe" and she attended church services during the period at issue.

(ECF No. 17:8). But the ALJ did not rely on the above findings to discount the opinions from Drs. Cochran and Sturgis. *See* TR. 14-26. And the Court is not permitted to supply *post-hoc* rationales to uphold the Commissioner's decision. *See Haga v. Astrue,*

6

482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner.").

The Commissioner also points to evidence in the record that:

- Plaintiff taught Sunday School, directed a church program, and had acted as a "therapeutic foster parent;" and

- One physician's findings that Plaintiff was "lively, talkative, and pleasant and appeared to be a very social person who generally enjoyed people."

(ECF No. 17:8). To the extent that the Commissioner is attempting to justify the ALJ's failure to explain his omission of the opinions at issue by pointing to other evidence in the record, this argument also fails. *See Parker*, 772 F. App'x. at 617 (rejecting the Commissioner's argument that the agency had substantial evidence for its assessment of plaintiff's limitations, because the plaintiff "ha[d] not questioned the existence of substantial evidence, [but] argue[d] instead that the agency legally erred by failing to explain why its assessment of [his] mental limitations deviated from the two medical opinions" and noting that "[i]f [the plaintiff] is right about the legal error, we must reverse even if the agency's findings are otherwise supported by substantial evidence.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties.

7

Based on the foregoing, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on January 30, 2020.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE